UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60285-CR-ROSENBAUM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DARYL DAVIS,
HASAM WILLIAMS, *et al.*,

        Defendants.
_____/

## ORDER REQUIRING RESPONSE FROM GOVERNMENT

This matter comes before the Court upon Defendant Terrance Brown's Motion to Compel Production of Phone Records [D.E. 778]. In his Motion, Defendant Brown seeks the production of call-detail records pertaining to telephone numbers 786-307-4240 and 786-419-2326. Before the Court can decide Defendant Brown's Motion, it requires a response from the Government.

In this case, Defendants Daryl Davis, Hasam Williams, Terrance Brown, Toriano Johnson, and Joseph K. Simmons were indicted for charges relating to an alleged conspiracy to commit a string of robberies of armored Brink's trucks. During the final robbery charged, Nathanial Moss, one of the alleged co-conspirators, shot and killed a Brink's truck messenger.

In investigating the case, the Government obtained the call-detail records for telephone numbers allegedly associated with Defendants, for periods when the robbery and attempted robberies were allegedly occurring. As Defendant Brown notes, the Government has provided him with telephone records for the numbers 786-307-4240 and 786-419-2326, telephone numbers that the Government attributes to Defendant Brown, for periods beginning September 1, 2010. But the

Government has not produced records for these numbers for the month of July 2010 because, when the Government attempted to obtain the records from the service provider, the service provider responded that it no longer possessed the requested records. As a result, the Government advised Defendant that it did not have the records.

Defendant Brown urges that the records are important to his defense because cell-site records could be used to show that Brown was not in the vicinity of the attempted robbery that allegedly occurred in July 2010. And, relying on a June 5, 2013, *Guardian* newspaper article that published a FISA Court order relating to cellular telephone data collected by Verizon,[1] Defendant Brown now suggests that the Government likely actually does possess the metadata relating to telephone calls made in July 2010 from the two numbers attributed to Defendant Brown.

Under 50 U.S.C. § 1806(f), when an "aggrieved person"[2] moves "to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance[[3]] under [FISA],"

---

[1] As relevant here, the Order appears to authorize, under 50 U.S.C. § 1861, the production of "all call detail records or "telephony metadata" created by Verizon for communications . . . wholly within the United States, including local telephone calls." The Order defines "telephony metadata" as "comprehensive communications routing information, including but not limited to session identifying information (*e.g.*, originating and terminating telephone number, International Mobile Subscriber Identity (MSI) number, International Mobile station Equipment Identity (IMEI) number, etc.), trunk identifier, telephone calling card numbers, and time and duration of call."

[2] An "aggrieved person" is "a person who is the target of an electronic surveillance or any other person whose communications or activities were subject to electronic surveillance." 50 U.S.C. § 1801(k).

[3] As relevant here, "electronic surveillance" includes, among other things, "the acquisition by an electronic, mechanical, or other surveillance device of the contents of any wire communication to or from a person in the United States, without the consent of any party thereto, if such acquisition occurs in the United States . . . ." 50 U.S.C. § 1801(f)(2). "Contents," in turn, is defined as, "when used with respect to a communication, . . . *any information concerning the* identity of the parties to such communication or the *existence*, substance, purport, or meaning of that communication." 50 U.S.C. § 1801(n) (emphasis added).

the Court must provide the Attorney General of the United States with an opportunity to file an affidavit under oath indicating whether disclosure or an adversary hearing on the defendant's request would harm the national security of the United States. If the Attorney General files such an affidavit, the Court must conduct an *in camera* and *ex parte* review of the application, order, and other materials to determine whether the surveillance of the movant was lawfully authorized and conducted. If the Attorney General declines to file such an affidavit, however, the Court may conduct this inquiry in open court.

Upon review of the application, order, and other materials, if the Court concludes that Defendant Brown was an "aggrieved person" and that the surveillance was not lawfully authorized or conducted, it must grant Defendant's Motion and preclude the Government from using the evidence. *See* 50 U.S.C. § 1806(g). And, even if the Court determines that the surveillance was lawfully authorized or conducted, it must order discovery or disclosure to the extent that due process requires it, although the Court must otherwise deny the motion. *Id.* Here, Defendant asserts that, under *Brady v. Maryland*, 373 U.S. 83 (1963), due process requires the production of the July 2010 telephone records because they are anticipated to be exculpatory in that they are expected to show that Defendant Brown was not physically located at the scene of the alleged attempted Brink's truck robbery in July 2010.

In view of Defendant Brown's Motion and the requirements of FISA, it is hereby **ORDERED and ADJUDGED** that the Government shall respond to Defendant Brown's Motion and, if desired, shall file an affidavit of the Attorney General of the United States, as contemplated by Section 1806(f), by **Wednesday, June 12, 2013**. The Court regrets the short deadline for compliance but notes that the evidence that Defendant Brown seeks pertains to a trial that has been

underway since May 31, 2013,[4] and any order requiring the production of any materials sought would become meaningless if such items were not produced in sufficient time for the defense to use them in its case.[5]

**DONE AND ORDERED** this 10th day of June 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:
The Honorable Lurana S. Snow
Counsel of Record

---

[4] Defendant Brown's Motion was filed yesterday, Sunday, June 9, 2013.

[5] Of course, if the Government so elected, production of the requested materials and a stipulation that the Government would not in its case use the items Defendant Brown seeks would moot the Motion and the Government's need to otherwise respond to it.