UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60285-CR-ROSENBAUM

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

TERRANCE BROWN,

      Defendant.

_____/

## NATHANIEL MOSS' MOTION TO QUASH TERRANCE BROWN'S SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE ISSUED TO COUNSEL FOR MOSS

Nathaniel Moss, through his undersigned counsel and pursuant to Rule 17 of the Federal Rules of Criminal Procedure[1], hereby files this Motion to Quash Terrance Brown's Subpoena To Testify At A Hearing Or Trial In A Criminal Case issued to counsel for Moss and as grounds in support thereof states as follows:

1.      On June 10, 2013 counsel for Terrance Brown caused to be served on undersigned counsel, who is counsel for Nathaniel Moss, a Subpoena To Testify At A Hearing Or Trial In A Criminal Case (the subpoena is attached hereto as defense exhibit A).  The subpoena requires counsel  to appear to testify in the above-styled case on Friday, June 14, 2013 at 8:30 a.m. Counsel for Brown has proffered that, "I intend to delve into communications between the defense team and Moss concerning discovery and the investigation." Because the subpoena clearly requires the

_____

[1]Federal Rule of Civil Procedure 45(c)(3)(A)(iii) allows the Court to quash a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies.

disclosure of communications that are privileged and is essentially the same request that has been denied previously by the Court, Moss requests that the Court issue an order granting this motion and quashing the subpoena.

## MEMORANDUM OF LAW

On April 1, 2013 Brown filed his Motion for Issuance of Rule 17 Subpoena to Counsel for Moss (DE-529).  In that motion, Brown sought counsel's investigative file related to work performed on behalf of Moss as it related to Moss' involvement with Brown in auto thefts, robberies  and/or robbery attempts--all notes memorandum and correspondence containing any facts which touch upon Moss' involvement with Brown in auto thefts, robberies and/or robbery attempts--and all correspondence between the government and the defense team of information relating to Moss' involvement with Brown in auto thefts, robberies and/or robbery attempts (DE-572:2). The Court issued an order that same day permitting counsel for Moss to file a response by April 10, 2013 (DE-531).  Counsel then filed Nathaniel Moss' Response to Terrance Brown's Motion for Issuance of Rule 17 Subpoena to Counsel for Moss (DE-572). In his pleading, Moss argued that Brown's motion should be denied because, (1) the materials sought by him were protected by the attorney-client and work product privilege and (2) Brown had failed to make any showing pursuant to Rule 17 (c) that he was entitled to that which he sought. After asserting the attorney client and work product privilege,  Moss contended that Brown's Motion was novel, extraordinary and wholly unsupported by any rule or law. Moreover, Moss asserted that if the Court granted Brown's request and issued a subpoena, it would have a substantial chilling effect on the representation of criminal defendants and that no defendant could ever be secure in knowing that his communications with his lawyer and

investigations by his lawyer  would be protected.  Moss argued that any subpoena issued in this

matter would be clearly oppressive and unreasonable.

Beyond the issue of privilege, Moss also asserted that Brown's motion should be denied on

the additional ground that he failed to satisfy the criteria for issuance of a Rule 17(c) subpoena. Moss

stated that a party requesting production of documents pursuant to Rule 17 , in this case Brown,

bears the burden of showing good cause for the production. *Nixon v. United States,* 418 U.S. 683,

699 (1974). In order to require production prior to trial, the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise
> procurable reasonably in advance of trial by exercise of due diligence; (3) that the
> party cannot properly prepare for trial without such production and inspection in
> advance of trial and that the failure to obtain such inspection may tend unreasonably
> to delay the trial; and (4) that the application is made in good faith and is not
> intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699-700. Furthermore, Rule 17's requirements have been described as requiring

relevance, admissibility and specificity. *Id* at 700; *see also United States v. Hughes,* 895 F.2d 1135,

1145-46 (6th Cir. 1990).[2]  Moss related that Brown had made *no showing* at all that any of the

requested documents *actually exist*. Instead, Brown merely speculates as to the existence of files,

notes, memorandum, correspondence etc. that he needed "to adequately prepare for trial" (DE-529:4)

but he offered nothing to support this assumption. Moss argued that what Brown was really doing

was  using Rule 17 as a discovery device which was clearly wrong.  The subpoena duces tecum rule

is not "intended to provide an additional means of discovery for any party in criminal cases." *United*

*States v.  Silverman*, 745 F.2d 1386 (11th Cir.  1984); *see also Gevison v.  United States*, 358 F.2d

---

[2]  Brown argued that the four-part *Nixon* inquiry does not apply for a subpoena issued on a
third party.  (DE -529: 8).  That argument ignores the fact that *Nixon* itself involved a request for a
subpoena on a third party.  Other Courts have applied the Nixon inquiry to requests for a subpoena
duces tecum on a third party.  *See Hughes*, 895 F.2d at 1145.

761, 766 (5th Cir. 1966) (subpoena duces tecum "is not a discovery weapon").  Generally, such subpoenas must "properly identify or describe the documents requested" and cannot be unreasonable or oppressive.  *In Re Grand Jury Proceedings*, 601 F.2d 162, 168 (5th Cir. 1979).  Mere speculation as to what documents might exist is insufficient to support the issuance of a Rule 17(c) subpoena. Finally, Moss contended that what Brown was clearly engaged in was the kind of "fishing expedition" that  is prohibited by the strictures of Rule 17.

On April 15, 2013,  the Court denied Brown's motion for issuance of a Rule 17 subpoena to Counsel for Moss (DE-591). In that order, the Court ruled that Brown failed to establish and satisfy the three critical requirements of showing the (1) relevancy, (2) admissibility, and (3) specificity of the documents sought (DE-591:7-10). Notably, the Court found that Rule 17 (c) only reaches *specifically identified documents* that will be admissible at trial citing *United States v. Silverman,* 745 F.2d 1386, 1397 (11th Cir. 1984), and that "Brown asks for broad categories of documents without providing any indication of what he expects to find in them" (DE-591:8). Importantly, the Court found that "Brown has not set forth even generally the anticipated contents of these documents, assuming they exist, and he has identified no basis for believing that the subpoenaed documents would, in any way, impeach Moss' credibility with regard to how Moss knew what he told the Government" (DE-591:9). Moreover, the court found that Brown's request was really a discovery request and a fishing expedition prohibited by Rule 17 (c) and that not only had Brown not demonstrated that the records  exist, it seems highly improbable that many, if not all, of them could (DE-591:10).

In issuing a subpoena to counsel for Moss to testify at Brown's trial and stating that the intention is to "delve into communications between the defense team and Moss concerning discovery

4

and the investigation," Brown is clearly trying to circumvent the Court's ruling and "back door" what is prohibited. The Court should reject this attempt and quash the subpoena forthwith. Nothing has changed since the Court issued its order. The subpoena is directed to communication clearly covered by the attorney client and work product privilege and its disclosure is prohibited.

This Court's Local Rules governing the practice of law in the Southern District of Florida provide as follows:

> **Professional Conduct**.  The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar.  For a violation of any of these canons in connection with any matter pending before this Court, an attorney may be subjected to appropriate disciplinary action.

S. Dist. Of Fla. Local Rule 11.1(c).  The Florida Bar's Rules of Professional Conduct expressly provide that "a lawyer shall not reveal information relating to representation of a client."  *See* Fla. Bar R. 4-1.6(a).  As the commentary to that rule explains, "The confidentiality rule applies not merely to matters communicated in confidence by the client but also to ***all information relating to the representation, whatever its source***."  *See id.* comment. (emphasis added).  The American Bar Association's Model Rules of Professional Conduct also define privileged information as all information relating to the representation of the client.  *See* A.B.A. Model Rule of Professional Conduct 1.6(a).

Federal case law makes clear that the attorney-client privilege applies not only to conversations between attorney and client but also to the attorney's work product as part of the representation, and that the work product doctrine, which is distinct and broader than the attorney-client privilege, applies to criminal proceedings.  *United States v. Nobles*, 422 U.S. 225, 236-238, 95 S. Ct. 2160, 2169-2170 (1975); *United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir.

2001). The work product doctrine, in turn, encompasses more than just the physical product created by counsel and includes information provided to counsel by third parties in the course of counsel's representation. *See* SPECIAL PROJECT, THE WORK PRODUCT DOCTRINE, 68 Cornell L. Rev. 760, 841 (1983); *see also Hickman v. Taylor*, 329 U.S. 495, 512-513, 67 S. Ct. 385, 394, 91 L. Ed. 451 (1947) (oral statements made by witness to counsel during course of representation not subject to discovery).

Clearly, as Brown seeks, "to delve into communications between the defense team and Moss concerning discovery and the investigation" this is "information relating to representation of a client." *See,* Fla. Bar R. 4-1.6(a). Thus, the information sought clearly falls under the attorney-client privilege and the broader work-product privilege and Brown has done nothing to overcome these privileges. Accordingly, as the subpoena issued to counsel for Moss clearly relates to communications protected by the attorney client and work product privileges and these privileges having not been waived, this Court should grant this motion and quash the subpoena issued to counsel for Moss.

Finally, should the court deny the motion to quash, Moss intends to take an interlocutory appeal to the Eleventh Circuit of Appeals. Notably, The Florida Bar's Rules of Professional Conduct expressly provide that "when required by a tribunal to reveal such information, a lawyer may first exhaust all appellate remedies." *See* Fla. Bar R. 4-1.6(d). Moss intends to avail himself of this provision and will seek an emergency appeal together with a motion to stay the Court's order pending resolution of that appeal. Mindful of the Court's schedule and in light of the date set for counsel's testimony, Moss requests that the Court rule on this motion forthwith so that, if necessary, appellate proceedings may commence at once. *See, Caswell v. Manhattan Fire and Marine*

6

*Insurance Company,* 399 F.2d 417, 422 (5th Cir. 1968); *In re Novak,* 932 F.2d 1397, 1402 (11th Cir. 1991).

  WHEREFORE, the defendant requests that this Court grant this motion and quash the subpoena issued to counsel for Moss.

        Respectfully submitted,

        MICHAEL CARUSO
        FEDERAL PUBLIC DEFENDER


    By:___*s/Timothy M. Day*_____
        Assistant Federal Public Defender
        Florida Bar No. 360325
        One East Broward Boulevard, Suite 1100
        Fort Lauderdale, Florida  33301
        (954) 356-7436
        (954) 356-7556 (fax)
        Timothy_Day@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on June 11, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   *s/Timothy M. Day*
Timothy M. Day, AFPD

8

## SERVICE LIST

### UNITED STATES OF AMERICA v. NATHANIEL MOSS

### Case No. 11-60285-CR-ROSENBAUM/SNOW

### United States District Court, Southern District of Florida

Timothy M. Day, Esquire
Timothy_Day@fd.org
Federal Public Defender's Office
1 E. Broward Blvd.
Suite 1100
Fort Lauderdale, Florida  33301
Telephone:  (954) 356-7436
Facsimile:  (954) 356-7556
Attorney for Nathaniel Moss
[Service via CM/ECF]

Michael E. Gilfarb, Esquire
Michael.Gilfarb@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street
Miami, Florida  33132
Telephone:  (305) 961-9015
Facsimile:  (305) 530-7976
Attorney for Government
[Service via CM/ECF]

Martin L. Roth, Esquire
Sakinlaw@hotmail.com
101 N.E. Third Avenue
Suite 1430
Miami, Florida  33125
Telephone:  (305) 545-0007
Facsimile:  (305) 325-0331
Attorney for Daryl Davis
[Service via CM/ECF]

Marshall Dore Louis, Esquire
Mdl@sinclairlouis.com
Sinclair Louis Heath Nussbaum & Zavertnik
169 E. Flagler Street
Suite 1125
Miami, Florida  33131
Telephone:  (305) 374-0544
Facsimile:  (305) 381-6869
Attorney for Terrance Brown
[Service via CM/ECF]

Gennaro Cariglio, Jr., Esquire
Sobeachlaw@aol.com
10800 Biscayne Blvd.
Suite 900
Miami, Florida  33161
Telephone:  (305) 899-0438
Facsimile:  (305) 891-2297
Attorney for Toriano Johnson
[Service via CM/ECF]

Marc D. Seitles, Esquire
Mseitles@seitleslaw.com
40 N.W. 3rd Street
Penthouse One
Miami, Florida  33128
Telephone:  (305) 403-8070
Facsimile:  (305) 403-8210
Attorney for Hasam Williams
[Service via CM/ECF]

9

Randee J. Golder, Esquire
Rjgolder@bellsouth.net
P.O. Box 243756
Boynton Beach, Florida  33424-3756
Telephone:  (561) 503-4398
Attorney for Bobby Ricky Madison
[Service via CM/ECF]

David J. Joffe, Esquire
Davidjjoffe@aol.com
1 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida  33301
Telephone:  (954) 923-0007
Facsimile:  (954) 723-0033
Attorney for Joseph K. Simmons
[Service via CM/ECF]

Mark Dispoto
mark.dispoto@usdoj.gov
United States Attorney's Office
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33301-3002
Telephone: (954)660-5786
Facsimile: (954)356-7336
Attorney for Government
[Service via CM/ECF]

Yoel Molina
Mo@molawoffice.com
United States Attorney's Office
782 NW 42nd Avenue, 343
Miami, Florida 33126
Telephone: (305)548-5020
Facsimile: (305-424-9284
Attorney for Government
[Service via CM/ECF]

J:\Moss, Nathaniel  Reg 95661-004\Pleadings\MotionQuashSubpoena.01.wpd