UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60285-Cr-RJR(s)(s)

UNITED STATES OF AMERICA,

V.

TERRANCE BROWN, et al.,
        Defendants.
_____/

**UNITED STATES'S MOTION TO DESIGNATE A
CLASSIFIED INFORMATION SECURITY OFFER**

The United States of America, by and through the undersigned counsel, respectfully
requests that the Court designate a Classified Information Security Officer ("CISO"), pursuant to
the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, and Section 2 of the
Security Procedures established under Pub. L. 96-456, 94 Stat. 2025 by the Chief Justice of the
United States and promulgated pursuant to Section 9 of CIPA.  In support of this motion the
government states the following:

Course of Proceedings

A federal grand jury sitting in the Southern District of Florida returned a second
superseding indictment ("the Indictment") charging defendants Terrance Brown, Toriano
Johnson, Daryl Davis, Hasam Williams, Bobby Ricky Madison,[1] and Joseph Simmons with
conspiring, from May 2010 through on or about October 1, 2010, to rob employees of Brink's
Incorporated (Brink's) by actual and threatened force, in violation of 18 U.S.C. § 1951(a) (Count
1); attempting to rob Brink's employees on September 17, 2010, in violation of 18 U.S.C. §§
1951(a) and (2) (Count 4); and using and carrying a firearm in connection with the attempted

---

[1]        Madison was tried separately.  He was convicted of Counts 1, 2, and 3 and acquitted of
Counts 4 and 5 (DE 364).

robbery charged in Count 4, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 5) (DE 262:1-4).  The Indictment also charges Brown, Johnson, Davis, Williams and Madison with: attempting to rob Brink's security guards on July 26, 2010, in violation of §§ 1951(a) and 2 (Count 2); using and carrying a firearm on July 26, 2010, in connection with the attempted robbery charged in Count 2, in violation of §§ 924(c)(1)(A) and 2 (Count 3); robbing Brink's security guards on October 1, 2010, in violation of §§ 1951(a) and 2 (Count 6); using and carrying a firearm in connection with the robbery charged in Count 6, in violation of §§ 924(c)(1)(A) and 2 (Count 7); and causing the death of a Brink's guard by using a firearm during the robbery charged in Count 6, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), and 2 (Count 8).[2]  The government waived its right to seek the death penalty (DE 448).

The government advised the defendants of its intent to present evidence pursuant to Fed. R. Evid. 404(b) of other robberies involving the defendants (DE 421); cell phone records (including cell site information) obtained by the government and turned over in discovery for phones belonging or linked to the defendants (DE 213, 300, 441, 649); and expert testimony referencing charts and maps regarding the cell site information (DE 590).  The parties litigated the admissibility of the Rule 404(b) and cell site evidence (DE 422, 431, 432, 433, 434, 435, 510 (order) [404(b)]; DE 453, 467, 471, 472, 476, 477, 502, 503, 504, 506, 559 [cell site evidence]; DE 590, 595, 604, 605, 613, 664, 677, 682, 700 [expert testimony and exhibits regarding cell site records]). The parties agreed that Brown will not call any witnesses in furtherance of an alibi defense, but that he is not prohibited from personally testifying as to an alibi (DE 712, 713, 716).

Although the government obtained cell phone records for numbers/phones linked to Moss, Davis, Williams, Madison, and Johnson for July, 2010 and September 1, 2010 to October

---

[2]     Williams was also charged with possessing a firearm on July 26, 2010, after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count 9) (DE 262).

19, 2010, the government was unable to obtain cell phone records for numbers linked to Brown (786-419-2326 and 786-307-4240) ("Brown's cell phone numbers") for dates prior to September 1, 2010, because the cell phone carrier – Metro PCS – no longer had the records by the time it received the government's subpoena.

On June 9, 2013, Brown filed a Motion to Compel Production of Phone Records for Brown's cell phone numbers for July 2010 (DE 778).   Brown argues that although the government was previously unable to provide those records because Metro PCS had deleted them before receiving the government's subpoena, an agency of the government may have obtained cell phone records which may relate to him. (DE 778).   In support of his argument, Brown relies on a June 5, 2013, article published in the *Guardian* newspaper discussing a classified FISA[3] order directing a cellular provider to provide cell phone data – including cell phone location data – to an agency of the government.   Brown contends that the July 2010 records for Brown's cell phone numbers must be produced pursuant to Fed. R. Crim. P. 16(a)(1)(E) alleging that they are within the government's possession and are material to his defense (DE 778:3-4).   In addition, Brown has filed a Notice of Intent to present classified information pursuant to Section 5 of CIPA (DE: 779).

CIPA SECURITY PROCEDURES

As a result of the filing of Brown's Motion to Compel Production (DE:778) and CIPA Section 5 Notice (DE:779), the government's response  will require the discussion of classified material.   Pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, and Section 2 of the Security Procedures established under Pub. L. 96-456, 94 Stat. 2025 by the Chief Justice of the United States and promulgated pursuant to Section 9 of CIPA the Court shall designate a CISO in any proceeding in a criminal case in which classified information is reasonably expected  to be within.

---

[3] The Foreign Intelligence Surveillance Act of 1978.

To assist the Court and court personnel in handling any motions, pleadings and implementing any orders relating to the CIPA proceedings, the government requests that the Court designate Daniel O. Hartenstein as the CISO for this case, to perform the duties and responsibilities prescribed for CISO's in the Security Procedures promulgated by the Chief Justice.

The government further requests that the Court designate the following persons as Alternate CISO, to serve in the event Mr. Hartenstine is unavailable: Jennifer H. Campbell, Branden M. Forsgren, Christine E. Gunning, Joan B. Kennedy, Michael P. Macisso, Maura L. Peterson, Carli V. Rodriquez-Feo, Harry J. Rucker, and W. Scooter Slade.

Respectfully submitted,

WIFREDO A. FERRER
United States Attorney

By:    s/*Michael Walleisa*
MICHAEL WALLEISA
Assistant U.S. Attorney
500 e. Broward Blvd., Suite 700
Fort Lauderdale, Fl. 33394
(954) 660-5948
michael.walleisa@usdoj.gov

RULE 88.1 COMPLIANCE

The undersigned has consulted with counsel for the defendants and has been advised that there are no objections to the filing of this motion and appointment of the Classified Information Security Officer in this matter.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed and provided as set forth in the Notice of Electronic Filing.

s/*Michael Walleisa*
MICHAEL WALLEISA
Assistant U.S. Attorney